[No. 2137.]

PARKS ET AL. V. BIEBEL.

1. **Evidence—Memorandum Book—Inspection.**

Where a witness in testifying referred to a small memorandum book and on cross-examination counsel asked the witness to let him see the book which the witness refused, it was not error to refuse to strike out all the witness's testimony in reference to matters stated to be in the book. The book not being a regular account book but containing private memoranda of other matters as well as of the matter in controversy, counsel had no right to inspect the book, but only the memoranda from which he testified, and this only upon proper application made to the court.

2.  **Evidence—Statement of Account.**

In an action for labor performed upon a road and for hauling, it was not prejudicial error to admit in evidence on behalf of plaintiff a written statement of account testified to as having been made from the original book of accounts which had been subsequently lost, and where all the items on the statement were testified to by the witness, and there was no substantial dispute about any items of the account, but the controversy was as to whether plaintiff had complied with his hauling contract and as to whether defendant's obligation for work on the road was limited to the amount allowed by the county.

*Appeal from the District Court of Gunnison County.*

Mr. SPRIGG SHACKLEFORD and Mr. S. D. CRUMP, for appellants.

Mr. ALEXANDER GULLETT, Mr. T. J. O'DONNELL and Mr. MILTON SMITH, for appellee.

WILSON, P. J.

Defendants were contractors for building a hotel at Waunita Hot Springs in Gunnison county. The plaintiff, appellee herein, under contract with them hauled their building materials and supplies from the nearest railroad point to the building site, and also under contract with them as alleged did a considerable amount of work in repairing the wagon road between the railroad and the building site so as to put it in proper condition for travel. This suit was brought by plaintiff to recover a balance due him upon account for services rendered in hauling the said building material and for work upon the road. Upon trial the plaintiff testified in his own behalf. In testifying he referred to a small memorandum book where he had made some memoranda in reference to some items and dates of the work done by him. During the cross-examination the following occurred:

"Q. How much have you on the book that you actually performed labor there?

"A. I have not the dates there but we simply charged twenty days for doing this work.

"Q. Let's see the book.

"A. No, you don't either."

(Witness refuses to let examining counsel see the book.)

Counsel for defendants moves to suppress all the testimony of the witness which goes to any of the labor stated to be in this book, unless counsel and the jury have the right to inspect the book.

By the Court: "The evidence of the witness is that he did a certain amount of work. On cross-examination the defendants seek to have him particularize the days that he worked; the witness refers to his book to try and refresh his memory on that point. The court will not sustain the motion to strike out the evidence that he gives if he attempts to use the book, unless it is admitted for inspection. The motion will be overruled."

Defendants claim this ruling of the court to have been reversible error. It may be conceded that where a witness in testifying makes use of memoranda for the purpose of aiding him in testifying and where it appears that he could not testify precisely as to amounts and dates without the aid of such memoranda, that opposing counsel should be allowed the privilege of inspecting such memoranda; but it is equally true that proper application must be made for the exercise of such privilege. Here no application was made to the court for this privilege, and the court was not even requested to instruct the witness that counsel had a right to inspect the memoranda. It appears further that the book was not a regular account book kept by the witness in his business, but that it contained besides the memoranda which he had made with reference to the business transactions between him and defendants, personal memo-

randa concerning other matters. · Counsel even upon proper demand would have had no right to be allowed inspection of anything except the memoranda with reference to the matters in controversy. Even, therefore, if a demand of the witness himself would have been sufficient as was attempted in this case, it was not proper as made, because counsel demanded from the witness the privilege of seeing the entire book, not confining his demand simply to the memoranda concerning the business involved in the suit. Under the facts as presented we think there was no error. It would be most unreasonable to hold that the plaintiff should have lost the benefit of his entire testimony when he was not admonished by the court that it was his duty to submit his memoranda to the inspection of counsel. The court did not err in failing to so instruct the witness because it was not requested so to do.

On behalf of plaintiff there was also offered in evidence the bill of particulars which had been furnished by him, being simply a statement of account showing the items making up the claim of the plaintiff and the items of credit in favor of the defendants. We see no force in the objection to this. If it was error at all to have admitted it, it was error without prejudice. It had been testified that the statement had been prepared and made from the plaintiff's original book of accounts which had been subsequently lost, and all of the items which it contained, both debit and credit, had been testified to by the witness. It was simply a written statement of the entire account and it tended in fact to aid both court and jury in the computation necessary to be made by them. We cannot conceive how defendants could have been at all prejudiced in any event and especially in this case where there seems to have been no substantial dispute about any items of the account.

The controversy between the parties appears to have been as to whether the plaintiff had failed to comply with his hauling contract which was alleged by the defendants and for which they claimed damages, and also whether the defendants were under any legal obligation to pay plaintiff for his services upon the road, anything in excess of what the county allowed. Upon the facts the verdict of the jury was in favor of the plaintiff and we see no substantial error in any action of the court to which our attention has been called.   The judgment will therefore be affirmed.

*Affirmed.*