No. 16,859.

ECKHARDT *v*. THE PEOPLE.

(250 P. [2d] 1009)

Decided November 24, 1952.

Mr. FANCHER SARCHET, Mr. JOHN J. TOBIN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAW-RENCE HINKLEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the people.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

CHARLIE ECKHARDT was found guilty by a jury of driving an automobile on the public highways while under the influence of intoxicating liquor. S.L. Colo., 1939, p. 214, §1. His motion for a new trial was denied, and it

was the judgment of the court that he be sentenced to the county jail for a term of four months and fined in the sum of $400.00. To review this judgment he presents the cause here by writ of error.

There was evidence before the jury from which it might properly find that defendant was intoxicated, and, while in this condition, was driving the automobile involved in the accident that brought about his arrest.

A physician was called by the prosecution to testify to the condition in which he found defendant shortly after his arrest, and he was permitted, without objection, to refer to a memorandum made by him during the course of his examination—this for the purpose of refreshing his recollection. After the physician had been examined by the district attorney and at the inception of his cross-examination, defense counsel requested permission to examine the memorandum which the witness had used to refresh his recollection, and this request was denied. Whereupon defense counsel stated to the court that he believed that it was his right to inspect the memorandum. The court, in ruling upon the request for examination of the memorandum, stated: "No, since you [the district attorney] are not putting it in as an exhibit, and he has used it merely as a memorandum to refresh his memory, I do not think you are entitled to it, so the objection will be sustained." Whereupon defense counsel stated that, without an opportunity to examine the memorandum used by the physician in refreshing his recollection, he would be unable to cross-examine the witness.

The ruling of the court in denying defense counsel the right to inspect the memorandum is the only assignment of error we deem it necessary to consider.

We believe that the question here presented has never been before our court for consideration. We recognize that in *Parks v. Biebel*, 18 Colo. App. 12, 69 Pac. 273, there is an intimation that would justify one in assuming that in a civil case counsel should have been afforded

an opportunity of examining the memorandum there in question, but it was not necessary to a determination of the matter there, and the trial court was not called upon to decide it.

■ We believe it to be a general rule that when, in the trial of a criminal case, a witness for the prosecution, while testifying, refreshes his memory by reference to a memorandum, defendant's counsel is entitled, as a matter of right, to an opportunity of inspecting and examining such memorandum for the purpose of cross-examination, and that the denial of this right is prejudicial error. *State v. Gadwood,* 342 Mo. 466, 116 S.W. (2d) 42; *State v. Taylor,* 83 Ohio App. 76, 77 N.E. (2d) 279; *State v. Braathen,* 77 N. D. 309, 43 N.W. (2d) 202; *Little v. United States,* 93 F. (2d) 401; *Taylor v. United States,* 19 F. (2d) 813; *United States v. McCraus & Bros.,* 149 F. (2d) 773; 14 Am. Jur., p. 893, §182; 58 Am. Jur., p. 336, §602; 70 C.J., p. 597, §769; 125 A.L.R., p. 194, et seq.; 3 Wigmore on Evidence (3d ed.), p. 108, §762; 3 Wharton on Criminal Evidence (11th ed.), p. 2147, §1279; 1 Greenleaf on Evidence (16th ed.), p. 542, §439(c); 5 Jones, Commentary on Evidence (2d ed.), p. 4705, §2392.

The attorney general, in his brief, states: "It is the position of the People that the trial court erred in not permitting counsel for defendant to inspect the report [memorandum] and use it for the purpose of cross examination. Whether the error was prejudicial to the substantial rights of the defendant and deprived him of a fair trial is not too clear, and we leave that question for determination by this court under cases hereinafter cited."

The memorandum from which the witness was testifying is not before us. The right of defendant's counsel to use of the memorandum for the purpose of his cross-examination cannot successfully be disputed unless we are able to say that it was error without prejudice, and we decline to so hold.

The judgment is reversed and the cause remanded.