## No. 17,401.

### WATERS *v.* CULVER.
(275 P. [2d] 936)

Decided November 8, 1954.

Messrs. ADAMS, HECKMAN & TRAYLOR, Mr. WILLIAM M. ELA, for plaintiff in error.

Messrs. COIT & GRAHAM, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as plaintiff, was a passenger in an automobile driven by her cousin, Wilson Fred Waters. The Waters vehicle collided with a car operated by defendant in error and driven in the same direction along the same highway. Plaintiff sustained injuries as a result of the collision, and instituted an action against her host and the defendant in the instant case, alleging negligence on the part of defendant,

and that Waters, her host, wilfully, wantonly, and with an utter disregard of plaintiff's rights and feelings drove his automobile against the Culver car. After issue joined, trial was to a jury.

Under the instructions, the jury was at liberty to find against either one or both of the defendants named in plaintiff's complaint. The jury resolved the issues in favor of defendant Culver and awarded plaintiff substantial damages against plaintiff's host driver.

Judgment was entered upon the verdicts and Wilson Fred Waters sued out a writ of error to review the judgment against him. The Waters writ of error was voluntarily dismissed. From the judgment in favor of defendant in error, plaintiff by separate writ of error brings the cause here seeking reversal.

We are urged to reverse the judgment because "the verdict in favor of defendant Culver is so manifestly against the credible and satisfactory evidence * * * as to indicate bias and prejudice on the part of the jury * * *" and because the court erred in giving instruction No. 11.

Failure of plaintiff in error to comply with Rule 115 of our Rules of Civil Procedure ordinarily would be fatal to our consideration of this cause. The brief of plaintiff in error does not contain a concise statement of the facts "based on the evidence material to the case" with appropriate folio references.

We are not advised why the writ of error sued out by Wilson Fred Waters was dismissed. Counsel for plaintiff urge that in that case a statement of the facts is contained in the brief, and that these two cases "are one case, although in point of time the companion case was filed first." By stipulation, one record and reporter's transcript was filed for use in both cases. We have, therefore, concluded to review the instant case.

Two distinct versions of this accident were presented to the jury. Plaintiff's version was that Culver's car had slowed down, or come to a sudden stop, on the highway just prior to the time the automobile in which plaintiff

was a guest ran into the rear of the Culver car. The Culver version was that she was proceeding along the highway at a speed of approximately thirty-five miles per hour and did not stop or slow down prior to the accident; that from her rear vision mirror she observed the Waters' car approaching from the rear at what she said was an excessive speed estimated to be about eighty miles per hour. To avoid being struck by the Waters' automobile she claimed she attempted to attain a greater speed and to turn off to the right side of the road. She said she made no effort to slow down and gave no signal to indicate she was going to slow down or stop.

■ It was the province of the jury to evaluate the evidence before it. True, the evidence was conflicting, but if the jury is properly instructed, this Court will not set aside a judgment entered on a verdict where there is competent evidence in the record upon which the verdict could be based. This rule has been announced so many times in this jurisdiction that we will not encumber this opinion with authorities. A reading of the record convinces us that there is no basis for the contention that the verdict was the result of "bias and prejudice" as contended by counsel for plaintiff, who frankly admit that "the weight of the evidence is for the jury."

Instruction No. 11 was the usual instruction concerning prima facie evidence of negligence based on the violation of a statute relating to operation of motor vehicles. It concluded with the following:

"Applying this rule of law to the fact that no hand signal was given immediately preceding the collision by the defendant, Mrs. Griffin, at the time it is alleged her car slowed down or stopped, the failure to make a hand signal even though it may have been required by statute can only be considered as negligence in the event you find that such failure was a proximate cause of the collision."

It is urged by counsel for plaintiff that "this instruction completely misled the jury into believing that the

arm signal and sudden slowing and stopping was the negligence against defendant Culver." We see no merit in this contention. It was admitted by all parties that no hand signal had been given by defendant in error, who testified that she did not slow down or attempt to stop, hence had no reason to give a signal. Nevertheless the absence of a signal was emphasized by plaintiff's witnesses. The negligence claimed by her as against defendant Culver was a slowing down and stopping without giving a signal. The trial court did not single out a fact in dispute to the exclusion of other facts in evidence, but told the jury that this undisputed fact was not actionable unless it was the proximate cause of the accident.

Upon trial, and when the motion for new trial was presented, no contention was advanced, as is now urged, that this instruction unduly emphasized the matter of proximate cause, which was also defined in a separate instruction.

The records in this court disclose that the judgment against Waters, the host driver, in favor of his guest is final. Where, as here, there is a final judgment in favor of the guest and against the host driver, based as it must be under our guest statute, on wilful and wanton disregard of the guest's rights, it is difficult to conceive of a case where the driver of the other car involved in the collision could be guilty of actionable negligence, the proximate cause of the guest's injuries.

Observing no prejudicial error in the record, the judgment is affirmed.

MR. CHIEF JUSTICE STONE concurs in the result.