No. 18,584.

RICHARD R. RISS, II *v.* HUGH E. HARVEY.
(354 P. [2d] 594)

Decided August 8, 1960.

Messrs. MELLMAN, MELLMAN & THORN, for plaintiff in error.

Mr. RICHARD E. CONOUR, Mrs. ELIZABETH A. CONOUR, for defendant in error.

*In Department.*

PER CURIAM.

THE parties are here in reverse order of their appearance in the trial court and we will refer to them as they there appeared or by name.

Plaintiff Hugh E. Harvey brought this action to recover for drilling services performed and materials supplied upon mining claims of a partnership composed of Richard R. Riss II and Glen Johnson, co-partners, doing business under the trade name and style of Riss-Johnson Mining Company. He alleged that the defendants were a partnership and held leases to certain mining claims; that the defendants hired him to do certain core drilling and to furnish certain materials, that he did so, and that he billed the defendants for the total amount due but has been paid only the sum of $1,178.44, leaving a balance of $6,323.50 due and owing.

The contract was an oral one and the plaintiff testified as to the details of the agreement. Defendant Riss did not appear at the trial to testify although represented in the action by counsel.

The cause was submitted to the jury and a verdict re-

turned adverse to defendant Riss in the amount of $6,323.50. To the judgment entered thereon Riss prosecutes error and argues: (1) that the evidence was not sufficient to prove a partnership; (2) that the trial court erred in not allowing the defendant to examine the diary of the plaintiff beyond the dates of the work done; and (3) that the court erred in giving Instruction No. 6.

1. The evidence discloses that on May 6, 1955, Riss and Johnson leased the Klondike group of mining claims from Logan Allen and the San Luis Valley Construction Company. Both defendants signed the lease as lessees. At the time of execution of the lease Riss asked Allen to do some work for him and said that Johnson would give the instructions as to what to do. Thereafter Riss paid for part of the work done by Allen.

On May 30th Harvey was introduced to Riss by Johnson as "our core driller." At that time Harvey had a conversation with Johnson as to whom he was working for, to whom the invoices should be made, and was then informed that invoices were to be made to Riss and to Johnson, as the Riss-Johnson Mining Company. Later, on June 16th, Johnson called Harvey to go to a Mr. Hazard's home, where they met Riss and some others, at which time Harvey received orders from Riss and Johnson to move his equipment as soon as possible from the Klondike to the Cochetopa claims. Pursuant to their request Harvey moved his equipment to the Cochetopa claims and set up his drilling rig on the same day. Both Johnson and Riss were present at that time, discussed the exact spot where Harvey was to drill, and so instructed him. On June 25th Harvey was directed by Riss and Johnson to move his equipment back to the Klondike claims, where he continued to drill until 1:30 p.m. on June 30th, when work was discontinued.

Harvey testified that he, Riss and Johnson were living at the Saguache Hotel, and had supper together "practically every other night at the same table." Harvey would take samples of the cuttings of both holes on the

Cochetopa group to the hotel or to the laboratory, and it was at supper, in the presence of Riss, that Johnson directed Harvey to move his rig from the Cochetopa group back to the Klondike claims.

Viewing the evidence in its entirety, it appears sufficient to justify the jury in concluding that a partnership existed between Riss and Johnson, and that the drilling operations and the furnishing of material were done at the request of, and for the benefit of, the partnership. Riss' contention that the evidence does not support the verdict is without merit.

■ The questions of fact which the jury were called upon to decide, having been determined adversely to defendant, and there being sufficient competent evidence to warrant the finding, the verdict will not be disturbed. *Waters v. Culver,* 130 Colo. 360, 275 P. (2d) 936.

■ 2. The testimony of Harvey made frequent reference to a diary kept by him showing the work done for the partnership between the dates of May 30th and June 30th. Counsel for Riss requested permission to examine the entire diary, but the trial court did not permit examination for the periods before or after the dates involved in this transaction, but confined defendant to the dates between May 30th and June 30th. The diary contained other entries not pertinent nor relevant to the present transaction and were immaterial so far as this action was concerned. An examination of any part of the diary not connected with the transaction at issue would have been outside the scope of the case and therefore immaterial and irrelevant to the issues of the trial. *Parks v. Biebel,* 18 Colo. App. 12, 69 Pac. 273.

3. The instruction objected to and given by the court advised the jury that if they found a partnership to exist between Riss and Johnson and that the plaintiff Harvey had performed the services or any part of the services as alleged by him for the benefit of the partnership, then they should return a verdict for the plaintiff not exceeding the sum of $6,323.50.

The evidence disclosed that on June 16th Hazard and Riss located the Cochetopa claims and thereafter the location certificates were filed in the name of Riss alone. On the same day Riss, Johnson and Harvey conferred together and instructions were given to Harvey by Riss and Johnson, but did not disclose to him that the Cochetopa claims had been located in the name of Riss.

Riss contends that since two different groups of claims are involved — the Klondike group and the Cochetopa group — the jury should have been instructed as to the separate groups, that from the evidence the jury might find that a partnership did not exist as to one group, or as to both groups.

The jury was entitled to consider all the evidence and to draw all proper inferences therefrom. The evidence was sufficient to justify the jury in concluding that Riss and Johnson were partners in both groups of claims, and were acting as such in directing Harvey to core drill on the Cochetopa group.

The giving of the instruction complained of was not error.

The judgment is affirmed.

MR. CHIEF JUSTICE SUTTON, MR. JUSTICE MOORE and MR. JUSTICE DAY concur.